IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAIRE L. O'LEARY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 12-1350 |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 5th day of August, 2013, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying in part her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is granted, and the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, denied. The case will be remanded to the Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Memorandum Judgment Order.

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind

might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Commissioner for further proceedings as discussed herein.

Plaintiff filed her application for DIB on February 13, 2009, alleging disability beginning on December 5, 2007, due to right leg problems, depression and chronic obstructive pulmonary disease ("COPD"). Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on February 3, 2011, at which plaintiff, who was represented by counsel, appeared and testified. On March 31, 2011, the ALJ issued a partially favorable decision finding that plaintiff was not disabled prior to March 3, 2010, but became disabled on that date when her age category changed and that she was entitled to benefits as of that time. On September

6, 2012, the Appeals Council denied plaintiff's request for review of the partially favorable decision, making the ALJ's decision the final decision of the Commissioner.

Plaintiff, who is a high school graduate, was 53 years old when she applied for benefits, which is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff turned 55 years old on March 3, 2010, the date she became eligible for benefits, which is considered a person of advanced age pursuant to §404.1563(e). Plaintiff has past relevant work experience as an administrative assistant, but she has not engaged in substantial gainful activity at any time since her alleged onset date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff was not disabled within the meaning of the Act prior to March 3, 2010, but she became disabled on that date pursuant to Medical-Vocational Rule 202.06 when she turned age 55.

At all times relevant to the decision, the ALJ found that plaintiff's severe impairments included traumatic arthritis of the right knee, COPD, hypothyroidism, obesity and mood disorder, but those impairments, alone or in combination, did not meet or equal the criteria of any of the impairments listed in Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ found that plaintiff retained the residual functional capacity to perform light work with a number of additional

AO 72
(Rev. 8/82)

limitations. Plaintiff requires a sit/stand option, she is limited to no more than occasional balancing, stooping, kneeling, crouching and crawling, and she is precluded from climbing ropes, ladders or scaffolds. She must avoid more than moderate exposure to dust, fumes, odors, gases, poor ventilation and temperature, humidity and wetness extremes. In addition, plaintiff is limited to performing low-stress jobs in a stable environment. She also is limited to simple, routine and repetitive tasks that involve short, simple instructions and require little independent decisionmaking. Finally, plaintiff is restricted to occasional contact with the general public, co-workers and supervisors (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that prior to March 3, 2010, plaintiff's age, educational background, work experience and residual functional capacity enabled her to perform other work that exists in the national economy, such as an order caller, marker and ticket seller. As a result, the ALJ found that plaintiff was not disabled within the meaning of the Act from her alleged disability onset date of December 5, 2007, through March 3, 2010. When plaintiff turned 55 years old on March 3, 2010, the ALJ found that she was disabled as of that date by application of Medical-Vocational Rule 202.06.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental

impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 5 that there are other jobs available which the claimant was capable of performing from her alleged onset date of December 5, 2007, through March 2, 2010, consistent with her vocational

factors and residual functional capacity.[1] Plaintiff argues that the ALJ erred at step 5 because he failed to indicate what weight, if any, he gave to the opinion of her treating physician and a consulting physician who examined her. For reasons explained below, the court agrees.

Dr. Lynn Potts, who was plaintiff's treating physician, completed a Medical Source Statement of her ability to perform physical work related activities. (R. 387-90). Dr. Potts found that plaintiff could lift/carry less than ten pounds only occasionally, and she could stand/walk less than two hours in an eight hour workday with an unlimited ability to sit. (R. 387-88). Dr. Potts indicated that plaintiff could never climb, but she could occasionally kneel, crouch, crawl and stoop. (R. 388). According to Dr. Potts' assessment, plaintiff would be limited to sedentary work, not light work as the ALJ found. See 20 C.F.R. §§404.1567(a) and (b) (stating that sedentary work involves lifting no more than 10 pounds at a time, whereas light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds and may involve a good deal of walking or standing).

With regard to Dr. Potts' opinion of plaintiff's physical capabilities, the ALJ simply stated that he "fully considered the conclusions of Dr. Potts . . . that the claimant can perform no

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

more than sedentary activity. However, it is noted that this report was not made until June 4, 2010, when it appears that the claimant's condition may have worsened."[2] (R. 26). Contrary to the Regulations, the ALJ did not analyze Dr. Potts' evaluation of plaintiff set forth on the Medical Source Statement, and he failed to state the amount of weight, if any, that he would attribute to her opinion, and the reason for his decision in that regard. See 20 C.F.R. §404.1527(c)(2) (stating, "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion"). The ALJ's failure to evaluate the opinion of plaintiff's treating physician, and to indicate the amount of weight that should be accorded to the opinion, is contrary to Social Security Regulations and Third Circuit case law. See S.S.R. 96-2p; Plummer, 186 F.3d at 429. Accordingly, this case must be remanded for additional development by the ALJ at step 5.

A further basis for remand relates to the ALJ's consideration of the report and evaluation by Dr. Bushra Haider, who performed a consultative examination of plaintiff on October 8, 2009, at the request of the Bureau of Disability Determination. (R. 338-45). The ALJ noted in his decision some of the findings made by Dr.

---

[2]The Commissioner argues that plaintiff's reliance on Dr. Potts' opinion is misplaced because it was rendered several months after the ALJ found that plaintiff became disabled, and the opinion does not indicate that it relates back to the period at issue, i.e., her alleged disability onset date of December 5, 2007, until March 2, 2010. To the extent there is any question about the period of time to which Dr. Potts' opinion relates, the ALJ may clarify that matter with Dr. Potts upon remand. In any event, it remains that the ALJ failed to specify the amount of weight, if any, he gave to Dr. Potts' opinion, and whether he discounted it because he thought that it did not relate to the period at issue, or for some other reason.

Haider, (R. 24), but never stated the amount of weight, if any, he afforded Dr. Haider's assessment of plaintiff's physical capabilities, nor did he specify any reasons for crediting or discounting Dr. Haider's assessment. See 20 C.F.R. §404.1527(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive" and listing factors that are considered in deciding the weight to give any medical opinion). This matter likewise must be addressed on remand.

On remand, the ALJ shall consider the opinions of Dr. Potts and Dr. Haider as discussed herein. The ALJ shall indicate the amount of weight, if any, that he attributes to the evaluations and opinions of these doctors and explain the reasons for his decision. Depending on the amount of weight the ALJ affords the opinions of Dr. Potts and Dr. Haider, he shall, if necessary, reassess plaintiff's residual functional capacity in light of any revised findings that he makes and pose a hypothetical question to the vocational expert that accounts for any such revised findings.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

AO 72
(Rev. 8/82)

- 8 -

cc: James C. Ward, Esq.
    Porta-Clark & Ward
    100 Fleet Street
    Suite 101
    Pittsburgh, PA 15220

    Paul Kovac
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219